McKinney, J.,
delivered the opinion of the Court.
This was an issue made upon the validity of the will of Susan Gammon, deceased. The issue was found in favor of the will, and the case is brought here by an appeal in error.
There are two attesting witnesses to the will, both of whom were examined on the trial of the issue. The will bears date 25th Eebruary, 1854. The proof shows that the testatrix, at the time of making the will, was seventy-three years of age, and that she was illiterate, not being able either to read or write. No question is raised, however, as to her mental capacity to make a valid will; nor is there any imputation of actual fraud, in procuring the will to be made.
The draftsman of the will, who is a subscribing witness, proves that he wrote the will at the request of the testatrix ; that she dictated the will, and that it was written according to her direction; and that, after he had finished it, he “read it to her twice,” and that “she fully understood and comprehended the will.” The other attesting witness ajopears to have been called in after the writing of the paper was finished. He merely saw the testatrix *86 “ make her mark,” and, with the other witness, attested the will in her presence. But the will was not read in his presence, nor was he made acquainted with its contents ; nor was any thing said, in his presence, as to whether or not the testatrix had heard the will read, or was informed of its contents.
The only question in the case is, Was the foregoing evidence sufficient to establish the will ?
It is conceded, in argument, that the ordinary formalities of execution — that is, the signature of the testatrix, the publication of the will, and its attestation by competent witnesses — are sufficiently proved. But it is assumed for the plaintiffs in error, that, to warrant the jury in pronouncing in favor of a will made by a person who, for want of education or other cause, cannot read, there must he proof that the testator had knowledge of and approved the contents of the will; and that the testimony of one witness alone is insufficient in law to establish the fact; and this is the point to he decided.
Upon this point there is some conflict of opinion. By some of the authorities, the doctrine seems to be maintained that even in the case of a will made by a blind or illiterate person, it is not indispensable to the validity of the will that it should be made to appear, by proof, that he had knowledge of the contents; that, from the fact of execution, it will be presumed that he knew and approved the contents of the will. The weight of reason and authority is, we think, decidedly the other way. It may be admitted, as a general proposition, that, when an instrument has been executed by a person of acknowledged capacity, it may reasonably be presumed, upon proof of the mere fact of execution, that he knew the contents of *87 the instrument, and intended it to have the effect which it imports upon its face. And although this principle is applicable to wills, yet, for obvious reasons, it ought to he applied with much greater caution to the latter, class of instruments than to others of a less solemn nature, executed under circumstances more favorable to such a presumption.
In every case, it is incumbent upon the party propounding a will to establish by satisfactory proof that the paper so propounded is the voluntary act of a capable testator. In ordinary cases, however, where the testator is shown to be of competent capacity, and there are no circumstances of suspicion surrounding the case, it is not necessary, in the first instance, to establish by proof that he had knowledge of the contents of the will. In such cases, the obligation imposed by law upon the party propounding the will is discharged by proof of the execution according to the forms and solemnities required by law. From this proof, the knowledge of and assent to the contents of the will are to he presumed. But in cases of doubtful capacity, and where the testator is blind or unable to read, more is required than the mere legal presumption arising from the act of execution. In such cases, there must he proof, not only of the formal execution of the will, hut likewise of the testator’s knowledge of its contents. It is incumbent on the party seeking to establish the will to satisfy the jury that the testator was not imposed upon; that he knew, at the time of the execution of the paper, that it was his will, and understood and approved of the disposition of his property therein contained. But although, in this class of cases, there must he full and satisfactory proof of the actual knowledge of the contents *88 of the will, the law has not prescribed any precise, inflexible rule in respect to the mode or measure of proof by which this fact shall be established. The case of Moore vs. Steel, 10 Humph., 562, does not touch this question. That case is to be understood as only laying down the rule in regard to the mere formalities of execution.
The existence of the fact that the testator cannot read, the law regards as a circumstance not only sufficient to excite suspicion, but to repel the presumption of knowledge of the contents of the will. It may be of more or less force, according to the facts of each particular case ; and the degree of proof requisite to remove such suspicion, and to establish the knowledge of the testator, must necessarily depend upon the circumstances of each case. All that in reason can be necessary is, that it shall be made appear to the entire satisfaction of the jury that the testator fully understood and assented to the provisions of the will. And this — like every other fact as to which the law has ordained no arbitrary, technical rule respecting the species or measure of proof — may be established either by positive proof, or by circumstances of a nature to convince the mind of its truth. In other words, it may be established just in the same way, as regards the measure and kind of evidence, as any other disputed matter of fact.
It is true we have adopted, from the law of England, the rule of the civil law, requiring two witnesses to prove the formal execution of the will; but this is as far as the rule has been applied in this State.
We hold, therefore, that the testimony of one witness, of undoubted credit, to the fact of the testator’s knowledge of the contents of the will, is sufficient to warrant the jury to pronounce in favor of the will. It may, we think, be *89 laid down as a safe general rule in suclt cases, that whatever is sufficient to convince the minds of an intelligent and unbiased jury of the truth of the fact, is all that the law demands. See 1 Jarm. on Wills, 44 to 48, and cases referred to in the notes.
Judgment affirmed.